FANNIE H. MICK, PLAINTIFF-APPELLANT, v. DEITZ MOTORS, INC., A CORPORATION OF NEW JERSEY, AND JOHN V. LENHART, DEFENDANTS-RESPONDENTS.

Submitted October 7, 1947—Decided February 28, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *Edmund A. Hayes.*

For the defendants-respondents, *Coult, Satz, Morse & Coult* (*Joseph Coult, Jr.,* of counsel).

The opinion of the court was delivered by

BURLING, J.   This is an action at law, sounding in tort, the gravamen of which is the alleged negligent operation by the defendant John V. Lenhart of a small truck owned by the co-defendant, Deitz Motors, Inc., while in the course of an employment by it.

The case was tried in the Court of Common Pleas of Middlesex County before the Honorable Klemmer Kalteissen and a jury.   The trial court denied a motion to nonsuit the cause of action and submitted the issues of primary and contributory negligence to the jury.   The jury rendered a verdict of no cause of action.   A rule to show cause why a new trial should not be granted was allowed.   The sole reason assigned for a new trial was that the verdict was against the weight of the evidence in that the defendants' alleged negligent

action was the cause of the plaintiff's damage and that the plaintiff was free from any negligence contributing proximately to her damage. After due consideration it was discharged.

The ground of appeal is that the verdict in favor of the defendant and against the plaintiff is against the weight of the evidence and trial court's refusal to set the same aside therefore constitutes an abuse of discretion. No errors in the trial rulings or in the charge are alleged.

The plaintiff was a pedestrian, a woman of seventy-five years of age and handicapped in walking due to difficulty in moving her right foot or leg resulting from the sufferance of a paralysis which occurred prior to the event in question. On November 8th, 1945, she was walking on Albany Street in the business district of the City of New Brunswick, New Jersey. She made a crossing on Neilson Street, at the corner of Albany Avenue on the crosswalk from the northeasterly side to the southwesterly side thereof. She alleged that she had almost completed the crossing over the crosswalk on Neilson Street and reached the southwesterly side thereof and had placed her left foot up on the curb and her right foot was still in the roadway or crosswalk and that while in this position she was struck by the truck hereinbefore referred to. She was walking with a cane because one of her legs was shorter than the other. There was a conflict of facts—the defendants alleged that she fell backwards against the truck as it was passing behind her and that the point of contact with the truck was the left rear hub cap thereof. The case was one for the consideration of the triers of the facts.

The granting or refusal of a motion for a new trial is within the discretion of the trial court and the court's determination is not disturbed on appeal unless there has been unmistakable and serious abuse of discretion. *Nelson* v. *Eastern Air Lines, Inc. (Court of Errors and Appeals, 1941)*, 128 *N. J. L.* 46; *Fellerman* v. *Byrnes (Supreme Court, 1946)*, 134 *Id.* 568. We find that the trial court did not abuse its discretion in refusing to set the verdict aside and to grant a new trial. *Fellerman* v. *Byrnes, supra.*

The judgment below will be affirmed.